IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AUTHOR L. CAUSEY,
    Plaintiff,

vs.                                        Case No.:  3:14cv623/MCR/EMT

PRESIDENT BARRACK OBAMA, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

    Plaintiff, proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint (*see* docs. 1, 4).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that this action should be dismissed.

I.    BACKGROUND

    On the first page of his complaint, Plaintiff styles this case as "Author L. Causey vs. Pres. Barrack [sic] Obama, Michelle Obama, Wendell Hall Sheriff–Santa Rosa County, Daryl F. Kanter D.C., Daivd L. Snellgrove D.C., Bill Abrams, Stallions Real Estate" (doc. 1 at 1).  In the "Defendants" section of the complaint form, however, which directs Plaintiff to state the name, official position, place of employment, and mailing address of **every** Defendant, Plaintiff identifies "SRCSD, City police" as the sole Defendant in this action (*id*. at 2) (emphasis in original).  Plaintiff then alleges the following facts in support of his complaint (quoted in their entirety and without alteration):

    Genacide on the County of Santa Rosa County.  Black–and–white poor and middle class.

> Ordered by Pres–Barrack Obama
> > Daryl F. Kanter
> > David L. Snellgrove D.C.
> > Bill Abrams
> > Joe & Stallions Real Estate
> > Wendell Hall
>
> Santa Rosa Sheriff Office went through the community let them know throughout the churchs Mt. Pilgram, First Baptist Church, St. Rosa Lima Catholic, all these churchs promised lottery money $400 million dollars and federal grant money a lot of civil rights violations was violated.
>
> But genacide with HIV happened. Milton, Pensacola, Alabama, New York, Detroit, North Carolina, my family, lot of families, for ideas, alone Mrs. Barrack Obama.
>
> Esc. County Ala. Mobile Alabama. News Channel 3, Chanel 15 News.

(*id*. at 3). Plaintiff does not state what constitutional rights Defendants allegedly violated (*see id.* at 4). He seeks the following relief:

> I don't want to have to fear for my life. None of us do for masturbation [sic] behind closed doors. A lot of people want to know why they have HIV. They came told the community [sic]. They came for murder charges against me. They never found their reason.

(doc. 1 at 4).

II.  ANALYSIS

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937,

1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

Additionally, the court need not accept as true allegations that are sufficiently fantastic to defy reality as we know it. Iqbal, 556 U.S. at 696; *see also* Denton v. Hernandez, 504 U.S. 25, 32 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios"); Neitzke v. Williams, 490 U.S. 319, 327–28 (1989) (a complaint is legally frivolous when the legal theories are "indisputably meritless"—such as when it is clear that defendants are immune from suit or a complaint contains "claims of infringement of a legal interest which clearly does not exist . . ."—or if the "factual contentions are clearly baseless," such as when the claims describe "fantastic or delusional scenarios, claims with which federal district judges are all too familiar") (citation omitted); Gallop v. Cheney, 642 F.3d 364, 366, 368–69 (2d Cir. 2011) (district court permitted to sua sponte dismiss complaint as factually frivolous where

plaintiff, represented by counsel, filed complaint alleging that senior United States government officials caused the attacks of September 11, 2001); <u>Davis v. Kvalheim</u>, 261 F. App'x 231, 234 (11th Cir. 2008) (complaint may be dismissed even before service of process where its legal theories are indisputably meritless).

Upon review of the complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face.  Plaintiff essentially alleges President and First Lady Obama, Sheriff Hall, and several private citizens (Mr. Kanter, Mr. Snellgrove, Mr. Abrams, and Stallions Real Estate Services) committed "a lot of civil rights violations" by causing the spread of HIV and promising lottery winnings and federal grant money.  Plaintiff's factual contentions are clearly baseless, and he provides no legal theory under which Defendants could be held liable for the spread of HIV or failure to fulfilled alleged promises of money.  Moreover, it is clear that no additional facts or legal theories could cure the pleading deficiencies.  Therefore, amendment of the complaint would be futile, and dismissal is thus warranted.

Accordingly, it is respectfully **RECOMMENDED**:

1.That this cause be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

2.The clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this <u>6th</u> day of January 2015.

<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.:  3:14cv623/MCR/EMT